UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES KISSAM,

                Plaintiff,        VERIFIED COMPLAINT
                                       AND JURY TRIAL DEMAND

    -against-

                                        06 CIV 12978
                                        ASSIGNED JUDGE:

THE NEIMAN MARCUS GROUP, INC.,           ROBINSON

                Defendant.
-----------------------------------------------------------x

       Plaintiff, James Kissam, by and through his attorneys, the Law Office of Paul N. Cisternino, P.C., as and for his verified complaint, alleges as follows:

## INTRODUCTION

       1. This is an action against the defendant for the violation of plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

       2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the defendant which violated rights guaranteed to the plaintiff under various federal and state laws, specifically the Americans with Disabilities Act of 1990, 42 U.S.C. §§12112-12117, as amended, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

       3. Plaintiff alleges herein that he was subjected to discrimination, denied the equal terms, conditions and privileges of employment, and terminated based on disability.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission; plaintiff requested and received a written dismissal from the Commission, a copy of which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided in Westchester County within the State of New York.

8. Upon information and belief defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff has been employed by defendant since 1981.

11. During his approximately 23 years of service to defendant, plaintiff has always performed his job duties in a competent and professional manner, his time and attendance have been excellent, and he has not had any disciplinary or other similar problems.

12. In 2004, plaintiff was a sales associate whose direct supervisor was Women's Shoe Salon Manager Anna Ross.

13. An on-the-job head injury which plaintiff sustained in a fall in the storeroom on November 7, 2004 caused him to miss work with what his physician diagnosed as "postconcussive syndrome with decreased energy, irritability, impulsivity and inattention."

14. Among other things, this injury caused plaintiff persisting dizziness, tinnitus, irritability, a lowered energy level, trouble concentrating, and head, neck and shoulder pain.

15. Previous to his head injury, plaintiff also suffered from obsessive compulsive disorder, which the defendant learned of through a worker's compensation filing by plaintiff and which plaintiff controlled by taking medications prescribed by a physician.

16. During the period he was forced to miss work from the head injury, plaintiff was never advised by any members of defendant management about a sick leave or Family Medical Leave Act ("FMLA") policy; in fact, Ms. Ross discontinued communications with plaintiff during this period.

17. Because of the defendant's failure to provide necessary information, plaintiff attempted to obtain such by contacting defendant's Dallas, Texas, headquarters, to no avail.

18. No effort was ever made by any members of defendant management to ascertain the extent of plaintiff's injury, the prognosis for recovery, or to engage in an interactive process whereby an evaluation could be made as to whether there were other positions within the company which plaintiff could perform with his condition.

19. In an August 23, 2005 letter plaintiff was informed by Assistant Human Resources Manager Felicia Low that he was to be terminated effective September 10, 2005 because he had exceeded some type of seven month leave policy.

20. Despite his approximately 23 years of dedicated service to the defendant, plaintiff was not offered the opportunity to take extended leave so as to resume his job at a later date nor was he offered leave under the FMLA.

21. Plaintiff was terminated by defendant effective September 10, 2005.

22. At the time of his termination, plaintiff was making approximately $41,000 per year.

23. Since his termination, plaintiff has been unable to obtain suitable employment.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON DISABILITY UNDER THE AMERICAN'S WITH DISABILITIES ACT OF 1990

24. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, defendant has violated plaintiff's rights in that plaintiff was disparately treated and terminated based on disability.

26. As herein described, the defendant acted with malice or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits,

thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON DISABILITY UNDER NEW YORK EXECUTIVE LAW §290

27. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated and terminated based on disability.

29. As herein described, the defendant acted with malice or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff James Kissam, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, New York
       November 6, 2006

                                              Respectfully submitted,
                                              Law Office of Paul N. Cisternino, P.C.
                                              *Attorneys for Plaintiff*

                                              By:  Paul N. Cisternino (PC-0317)
                                              701 Westchester Ave., Suite 308W
                                              White Plains, New York 10604
                                              (914) 997-0303

## VERIFICATION

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF WESTCHESTER        )

JAMES KISSAM, being duly sworn, deposes and says:

I am the plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
JAMES KISSAM

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/07

Subscribed and sworn to before me this
7th day of November 2006.

_____
Notary Public

7

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | James Kissam<br>123 South Broadway<br>Apt. 5-B<br>Irvington, NY 10533 | From: | Boston Area Office - 523<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-02178 | Edward J. Ostolski,<br>Investigator | (617) 565-3214 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
Robert L. Sanders,
Area Office Director

AUG 13 2006
(Date Mailed)

Enclosures(s)

cc:  **NEIMAN MARCUS**
Paulding And Maple Avenue
White Plains, NY 10601